United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 16-10272-NMG |
| Caetano Oliveira, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Caetano Oliveira ("Oliveira" or "defendant") is awaiting trial subject to a detention order entered by United States Magistrate Judge Marianne B. Bowler. Currently before the Court is defendant's motion to review that order.

## I. Background

### A. Procedural History

On September 14, 2016, a grand jury returned a one-count indictment charging Oliveira with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment alleges that Oliveira, having been previously convicted of a felony, possessed a 9mm handgun, a .40 caliber pistol and ammunition for both weapons.

Oliveira's initial appearance took place before United States Magistrate Judge Judith G. Dein in September, 2016. He was detained until his detention hearing and arraignment, which

was scheduled for September 29, 2016, before Magistrate Judge Bowler. At that initial hearing, Oliveira agreed to an order of voluntary detention without prejudice.

On December 13, 2016, Magistrate Judge Bowler held a second detention hearing, at defendant's request, during which the parties presented evidence. Magistrate Judge Bowler subsequently entered an order of detention.

### B. Magistrate Judge Bowler's Findings

Magistrate Judge Bowler based her detention order upon a finding that the defendant posed a danger to the community. Those findings were based on the testimony of Special Agent Christopher Kefalas of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and two documents that were admitted into evidence: 1) a summary of incident reports describing defendant's past convictions and 2) a disciplinary report from the Plymouth County Correctional Facility. Magistrate Judge Bowler did not conclude that defendant posed a risk of flight.

Defendant "appealed" that order to this session but the Court has treated that pleading as a motion to review the detention order. The court held a hearing on February 23, 2017 and, for the reasons stated below, defendant's motion will be denied.

## II. Defendant's "Appeal" of the Detention Order

Defendant requests that he be released from custody and be allowed to live with his mother in Brockton, Massachusetts. He offers to remain in the home at all times, except for necessary court appearances, and wear a monitoring device.

As a threshold matter, defendant, a pretrial detainee, seeks review of the detention order under 18 U.S.C. § 3145(c) but such review is properly governed by 18 U.S.C. § 3145(b). Whereas § 3145(c) permits appeals to the Circuit Courts of Appeals, § 3145(b) permits review by a district judge of a detention order entered by a magistrate judge:

> [i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

Accordingly, the Court will construe defendant's "appeal" as a motion under § 3145(b) for an amendment of the detention order. United States v. McForbes, 109 F. Supp. 3d 365, 366 n.1 (D. Mass. 2015).

### A. Legal Standard

Pursuant to 18 U.S.C. § 3145(b), district courts have jurisdiction to review a detention order imposed by a magistrate judge. When a district court reviews the findings of a magistrate judge with respect to pretrial detention, it must engage in de novo review of the contested order. United States

v. Marquez, 113 F. Supp. 2d 125, 127 (D. Mass. 2000). In doing so, the Court may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument. Id.

In order to detain a person pending trial pursuant to 18 U.S.C. § 3142, a judicial officer must find: 1) by clear and convincing evidence that the defendant is a danger to the community or 2) by a preponderance of the evidence that the defendant poses a risk of flight. Upon such a finding, the defendant may be detained only if the judicial officer finds that there is no condition or combination of conditions that will "reasonably assure the appearance" of the defendant and protect the "safety of any other person and of the community." 18 U.S.C. § 3142(d).

**B. Application**

In support of his request, defendant relies upon the fact that 1) his mother has a home where he would be able to live, 2) he had a job at the time of his arrest and 3) he was arrested after firearms allegedly belonging to him were found in a search of his girlfriend's home. Defendant cites no case law in his supporting memorandum submitted to the Court.[1]

---

[1] At oral argument, defense counsel mentioned that her client, in an earlier, unrelated matter, was placed in home-confinement pending trial. See United States v. Brown, No. 15-cr-10033 (D. Mass. Jan. 7, 2016), Document No. 42.

The government responds that defendant poses a danger to the community because of his lengthy criminal history and ongoing gang affiliation. It also maintains that defendant is a flight risk because 1) he faces a strong likelihood of conviction and a significant prison term and 2) defendant was released on bail for a crime he allegedly committed in 2013 when he was arrested on the instant charge.

Although defendant submits that he is willing to be electronically monitored while remaining at his mother's home, such monitoring

> cannot be expected to prevent a defendant from committing crimes or deter him from participating in felonious activity.

United States v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990). Defendant told Brockton police, after he had received his Miranda warnings, that he "still [has] people on the street that don't like" him and thus he possessed a weapon. If that is true, home confinement would not serve the interests of the community, particularly his family, because defendant and his family would be in danger.

In a letter submitted to the Court, pro se, defendant suggested that he is not a danger to the community because his past offenses occurred many years ago. The Bail Reform Act, however, authorizes the Court to consider defendant's "criminal history" without time restrictions. 18 U.S.C. § 3142(g)(3)(A).

The evidence submitted to the magistrate judge includes convictions of assault with intent to murder and illegal possession of a firearm.  Moreover, defendant testified, under oath, that he was the target of a gang-related shooting that resulted in the death of his then-girlfriend who had been standing next to him at the time of the attack.  These past events indicate that defendant would pose a danger to the community even if he were to live at home.

Although defendant had a job at the time of his arrest in this matter, the other facts compel a finding that, by clear and convincing evidence, defendant is a danger to the community and that no combination of conditions will "reasonably assure the appearance" of the defendant and protect the "safety of any other person and of the community". 18 U.S.C. § 3142(d). Accordingly, defendant will remain detained. See McForbes, 109 F. Supp. 3d at 368 ("[T]he evidence against this defendant is significant and weighs in favor of detention . . . .").

## ORDER

For the forgoing reasons, defendant's motion to amend the detention order (Docket No. 23) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 24, 2017